# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7 Proceedings** |
| | ) | |
| **KARA FRANCES JENNINGS,** | ) | **Case No.: 2:18-bk-11759-DPC** |
| | ) | |
| **Debtor.** | ) | **UNDER ADVISEMENT RULING ON** |
| | ) | **TRUSTEE'S OBJECTION TO** |
| | ) | **CLAIMED EXEMPTION** |
| | ) | |
| | ) | **[NOT FOR PUBLICATION]** |
| | ) | |

Before this Court is Trustee, Robert A. Mackenzie's, ("Trustee") Response to Debtor's Amended Claimed Exemptions[1] ("Trustee's Objection"), Kara Frances Jennings' ("Debtor") Response to Trustee's Objection to Claimed Exemption[2] ("Debtor's Response"), and Trustee's Reply to Debtor's Response to Objection to Claimed Exemptions[3] ("Trustee's Reply").

In addition to Trustee's Objection, before this Court is Trustee's Amended Motion to Sell Estate's Interest in Property and Approve Bidding Procedures[4] ("Trustee's Sale Motion") and Debtor's Objection.[5]

After reviewing the parties' briefs and hearing oral argument on the issue, this Court finds that the relevant marital settlement agreement created an interest for Debtor in her ex-husband's deferred compensation plan and that the Debtor's interest in the deferred compensation plan is exempt under applicable Arizona law. The Trustee's Objection is overruled. The Trustee's Sale Motion is denied.

---

[1] DE 35. "DE" references a docket entry in this administrative bankruptcy case 2:18-bk-11759-DPC.
[2] DE 44.
[3] DE 51.
[4] DE 22.
[5] DE 28

# I.   BACKGROUND

On September 26, 2018 ("Petition Date"), Debtor filed the instant Chapter 7 bankruptcy.[6] Following the 11 U.S.C. § 341[7] Meeting of Creditors and a FRBP 2004 examination, Trustee was informed of a Stipulated Marital Settlement Agreement ("MSA") filed with, and approved by, the Sandoval 13th Judicial District, State of New Mexico Court ("State Court") entered into by Debtor and Debtor's ex-husband, Raymond Perea ("Ex-Husband").[8] All parties agree that the MSA is controlling.[9] The MSA reads, in relevant part:

> III. CASH PAYOUT
>
> 9. Cash Payout:
>
>> a. The parties have agreed [Debtor] shall receive a cash payout of One Hundred Fifteen Thousand Dollars ($115,000). This payout will be made according to the terms set forth in this agreement.
>>
>> b. The parties have a Nationwide Deferred Compensation Account[10] with a current balance of $61,618.58. The [Debtor] shall be made beneficiary of this account within ten (10) days of the signing of this agreement. [Debtor] shall receive 100% of this account upon [Ex-Husband's] retirement, up to $115,000. Should the account balance be below $115,000 upon [Ex-Husband's] retirement, [Ex-Husband] shall provide [Debtor] with an additional cash payout to equal the total payout due of $115,000. The total cash payout of $115,000 shall be paid in full within thirty (30) days from [Ex-Husband's] retirement. Any additional funds above $115,000 shall be returned to [Ex-Husband].
>>
>> c. [Ex-Husband] will be eligible to retire March 2019.  The parties agree and are aware that [Ex-Husband] may choose to work past his eligible retirement date.  [Ex-Husband] shall retire no later than March 2024.  The payout is due in full no later than April 2024.
>
> …

---

[6] DE 1.

[7] Unless indicated otherwise, statutory citations refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. § 101 – 1532 and to the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001 – 9037.

[8] Although the Debtor did not initially disclose the MSA or list the asset as exempt on her schedules, the MSA and accompanying exempt asset was ultimately disclosed and claimed exempt.

[9] DE 52.

[10] This Nationwide Deferred Compensation Account is hereafter referred to by this Court as the "Compensation Account."

## VII. TAXES AND OTHER AGREEMENT

…

> 18. Final Agreement: This is the final and entire agreement of the parties regarding the marital settlement agreement. Neither party is relying on other promises or statements that are not specifically included in this document.[11]

On May 24, 2019, Trustee filed Trustee's Sale Motion.[12] On May 28, 2019, Debtor's Counsel filed a Motion to Withdraw as Attorney[13] and Debtor filed a *pro se* Objection to Trustee's Sale Motion.[14] On May 29, 2019, the Court issued an Order Granting Motion to Withdraw as Attorney.[15] On June 4, 2019, Trustee filed a Response to Debtor's Objection to Trustee's Amended Motion to Sell Estate's Interest in Property and Approve Bidding Procedures[16] and Trustee's Response to Informal Objection to Motion to Sell Estate's Interest in Property.[17]

On June 20, 2019, Debtor filed Amended Schedules A/B and C, specifically listing her interest in the Compensation Account in Part 4 of Schedule A/B and in Part 1 of Schedule C.[18] On June 25, 2019, Trustee filed Trustee's Objection.[19]

On June 27, 2019, this Court held a hearing on the Trustee's Sale Motion. The Court heard arguments from Trustee and Debtor *pro se* and issued an Order Setting Aside the Order Granting Motion to Withdraw as Attorney and ordering Debtor's now reinstated counsel to file by July 19, 2019 a response to Trustee's Objection. The Court also set a continued hearing for July 30, 2019 to determine the exemption question prior to ruling on Trustee's Sale Motion.[20]

On July 17, 2019, Debtor (now represented by counsel) filed Debtor's Response.[21] On July 26, 2019, Trustee filed Trustee's Reply.[22] On July 30, 2019, this Court heard oral arguments

---

[11] DE 35, Ex. B.
[12] DE 22.
[13] DE 25.
[14] DE 28.
[15] DE 29.
[16] DE 31.
[17] DE 33.
[18] DE 34.
[19] DE 35.
[20] DE 37.
[21] DE 44.
[22] DE 51.

on Trustee's Objection and Debtor's Response. The Court then took this matter under advisement.[23]

## II.  JURISDICTION

Pursuant to 28 U.S.C. § 157(b)(2)(B), this Court has jurisdiction over the allowance or disallowance of claimed exemptions on property of the estate. Pursuant to 28 U.S.C. § 157(b)(2)(N) this Court has jurisdiction over sales of property of a bankruptcy estate.

## III.  ISSUES

A.      Whether Debtor's interest in the Compensation Account is exempt under A.R.S. § 33-1126(B).

B.      Whether Trustee's Sale Motion should be granted or denied.

## IV.  ANALYSIS

A. The Law

Upon the filing of a bankruptcy petition, an estate is created that consists of all the legal and equitable interests in property possessed by the debtor at the time of filing "wherever located and by whomever held." 11 U.S.C. § 541(a)(1); *In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000). The property that a debtor may exempt is determined under § 522 unless the applicable state opted out of the federal exemption scheme. 11 U.S.C. § 522(b)(1). Arizona has opted out of the federal exemption scheme provided in § 522(d) so only Arizona exemptions apply in this case. A.R.S. § 33-1133(B).[24]

Bankruptcy exemptions are fixed and determined at the time of the bankruptcy petition under the "snapshot" rule. *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012) (citing *White v. Stump*, 266 U.S. 310, 313 (1924)). Exemptions are to be liberally construed in favor of the debtor

---

[23] DE 52.

[24] The parties assume that Arizona's exemption laws apply in this case even though the Compensation Plan arises out of the Ex-Husband's New Mexico employment and Debtor's MSA rights are specified in her New Mexico divorce case. This Court agrees with this assumption of controlling exemption law. See *In re Arrol*, 170 F.3d 934, 936 (9th Cir. 1999) (stating that the debtor is entitled to claim exemptions provided by the law of the state where their bankruptcy petition was filed, citing §§ 522(b)(1) and (b)(2)(A)).

who claims the exemption. *In re Arrol*, 170 F.3d 934, 937 (9th Cir. 1999); *Gardenhire v. Glasser*, 26 Ariz. 503 (1924). The exemption laws in Arizona "were not created merely for the purpose of conferring a privilege on a debtor, but to shelter the family and thereby benefit the state." *In re Hummel*, 440 B.R. 814, 820 (9th Cir. BAP 2010) (quoting *In re Foreacre*, 358 B.R. 384, 390 (Bankr. D. Ariz. 2006)). A claimed exemption is "presumptively valid." *In re Carter*, 182 F.3d 1027, n.3 (9th Cir. 1999). Once an exemption has been claimed, the objecting party must prove that the claimed exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

Arizona law allows for several categories of retirement funds to be exempt from the reach of creditors. Specifically, A.R.S. § 33-1126(B) states:

> Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan…or a deferred compensation plan under § 457 of the United States internal revenue code of 1986, as amended, whether the beneficiary's interest arises by inheritance, designation, appointment or otherwise, is exempt from all claims of creditors of the beneficiary or participant.

B. <u>Trustee's Position</u>

Trustee argues that Debtor's interest in the Compensation Account under the MSA is not an exempt retirement account but instead is a cash payout or equalization payment under the express language of the MSA. Trustee urges this Court to not consider the source of the cash payout but instead focus on the parties use of the term "Cash Payout" and the MSA's requirement that, if the Compensation Account has less than $115,000 upon Ex-Husband's retirement, then the Ex-Husband is obligated to provide Debtor with additional funds to cure any deficiency. Trustee further contends that, between the language and conditions of the MSA, the MSA creates a cash equalization payment from Ex-Husband to Debtor and that the parties intended this result.

Trustee also argues that if the parties intended to equally divide Ex-Husband's and Debtor's interest in the Compensation Account, under New Mexico law, the parties would have had to execute a qualified domestic relations order ("QRDO") pursuant to 28 U.S.C. § 414(p). The Trustee claims that Debtor's possible attempt to remedy this situation by amending the MSA

to include a QRDO would be ineffective because, for exemption purposes, the status of the Compensation Account must be determined on the Petition Date.

### C. Debtor's Position

Debtor argues that her interest in the Compensation Account is an exempt asset under A.R.S. §§ 33-1126(A) and (B). Debtor contends that the conditions and timing requirements under the MSA further support this conclusion because, to date, the Debtor has not received nor could she have received any of the Compensation Account funds because Ex-Husband has not retired, nor has the Ex-Husband's mandatory April 2024 retirement deadline been reached. Debtor argues the express language of the MSA states that Debtor is to be made a beneficiary of the Compensation Account and the parties intended the MSA to award Debtor her portion of the couple's retirement savings.

Finally, Debtor argues that, while a QDRO should have been created by Debtor's divorce counsel, this mistake can be corrected based on this Court's holding in *In re Gilbraith,* 523 B.R. 198 (Bankr. D. Ariz. 2014).

### D. Application of the Law to the Facts of this Case

The terms of the MSA expressly call for a $115,000 cash payout to Debtor upon the earlier of either the retirement of the Ex-Husband or April 2024. The source of that cash payout is not what is at issue. Rather, this Court must determine the nature of Debtor's interests in the Compensation Account under the terms of an executed, filed and State Court approved MSA. Under A.R.S. § 33-1126(B), "[a]ny money or other assets payable to a participant in or beneficiary of, ***or any interest of any participant or beneficiary in***…a deferred compensation plan under section 457 of the United State internal revenue code of 1986…is exempt…" A.R.S. § 33-1126(B) (emphasis added). It is undisputed that Debtor's interest in the Compensation Account is property of this bankruptcy estate[25] and that the Compensation Account is a deferred

---

[25] Of course, if Debtor does not have an interest in the Compensation Account, it would not be property of the estate and the question of the validity of a claimed exemption would never arise.

compensation plan under § 457 of the United States Internal Revenue Code.[26] All that is left for this Court to determine is whether the Debtor's interest in the Compensation Account on the Petition Date is exempt.

Although the MSA does not unconditionally hand over the Compensation Account to Debtor, it nonetheless created an interest in the Compensation Account in favor of the Debtor under Arizona law. On October 6, 2017, the date the MSA was filed with and approved by the State Court, Debtor's interest in the Compensation Account was memorialized. Although the MSA initially labels Debtor's interest in terms of a cash payout equal to $115,000, the MSA goes on to state, "[t]his payout will be made according to the terms set forth in this agreement." The MSA also states that, "[t]he [Debtor] shall be made a beneficiary of this account within ten (10) days of the signing of this agreement." This language not only required that Debtor be made a beneficiary to the Compensation Account but it also created an interest in the Compensation Account which falls under A.R.S. § 33-1126(B).[27]

On the Petition Date, the Debtor was not entitled to the entire Compensation Account despite the MSA's use of the term "cash payout." Instead, the MSA created an interest for the Debtor as a beneficiary in the Compensation Account. As a beneficiary of the Compensation Account, Debtor's interest is wholly exempt under the applicable Arizona exemption.[28] A.R.S. § 33-1126(B) broadly protects "[a]ny money or other assets payable to a…beneficiary of, or any interest of any…beneficiary in…a deferred compensation plan under § 457 of the United States internal revenue code of 1986…" The $115,000 is money payable to a beneficiary and the Debtor unquestionably had an interest in the Compensation Account on the Petition Date by virtue of the MSA.

This Court does not need to determine whether a QRDO was the sole mechanism for creating an interest in the Compensation Account in favor of Debtor or whether the failure of Debtor to obtain a QRDO can be corrected post-petition. Instead, this Court relies on the language

---

[26] DE 53 at 6:40 – 6:58.

[27] At oral argument, Trustee did not contest whether the Ex-Husband named Debtor a beneficiary to the Compensation Account. See DE 53 at 8:42 – 9:08. However, even if Ex-Husband failed to do so, the MSA created an interest for Debtor in the Compensation Account.

[28] Even if Ex-Husband fully pays off the "cash payout" prior to his retirement or the March 2024 deadline, it does not alter the fact that Debtor had an inchoate interest in the Compensation Account on the Petition Date.

of the MSA which created Debtor's interest in the Compensation Account, and which interest is
exempt under applicable Arizona law, whether or not the interest exists as a QDRO.

## V.  CONCLUSION

This Court finds that the MSA memorialized an interest for Debtor in the Compensation
Account and that interest is exempt under applicable Arizona law.

**IT IS ORDERED** overruling Trustee's Objection and approving Debtor's exemption in
the Compensation Account.

**IT IS FURTHER ORDERED** denying Trustee's Sale Motion.

**DATED AND SIGNED ABOVE.**

Notice to be sent to the following:

Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

Robert A. Mackenzie, Trustee
2001 E. Campbell Ave., Suite 200
Phoenix, AZ 85016

Kara Frances Jennings
215 W. Campbell Ave.
Phoenix, AZ 85013

Mr. Raymond Perea
1820 Western Hills Road
Rio Rancho, NM 87124