SO ORDERED.

Dated: March 6, 2020

Daniel P. Collins, Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceedings |
| | ) | |
| KARA FRANCES JENNINGS, | ) | Case No.: 2:18-bk-11759-DPC |
| | ) | |
| Debtor. | ) | UNDER ADVISEMENT RULING ON TRUSTEE'S MOTION FOR RECONSIDERATION |
| | ) | |
| | ) | [NOT FOR PUBLICATION] |
| | ) | |

Before this Court is the Motion of Trustee, Robert A. Mackenzie, ("Trustee") for Reconsideration of Order Overruling Objection to Exemption [FRBP 9024][1] ("Motion for Reconsideration"), Kara Frances Jennings' ("Debtor") Response to Trustee's Motion for Reconsideration of Order Overruling Objection to Exemption[2] ("Response"), Debtor's Supplemental Response to Trustee's Motion for Reconsideration of Order Overruling Objection to Exemption and Denying Motion for Sale[3] ("Supplemental Response") and Trustee's Reply to Debtor's Supplemental Response to Trustee Motion for Reconsideration[4] ("Reply").

In essence, the Motion for Reconsideration does not challenge the Court's finding that Debtor's claimed interest in a Nationwide deferred compensation plan account ("Compensation Account") is exempt. Rather, the Trustee contends Debtor's interest in a stipulated marital settlement agreement ("MSA") may be sold by the Trustee even though payments to the Debtor made under the MSA may ultimately come from the Compensation Account.

After reviewing the parties' briefs and hearing oral argument on the issue, the Court agrees the Trustee may sell this chapter 7 estate's interest in the MSA but that the description of the

---

[1] DE 58. "DE" references a docket entry in this administrative bankruptcy case 2:18-bk-11759-DPC.
[2] DE 69,
[3] DE 83.
[4] DE 84.

1

interest to be sold is inadequate. Moreover, the buyer of the estate's interest in the MSA may not disturb the Debtor's exempt rights as a beneficiary of the Compensation Account.

## I. BACKGROUND

On September 26, 2018 ("Petition Date"), Debtor filed the instant chapter 7 bankruptcy.[5] Trustee filed a Motion for Sale of Property Under Section 363(b)[6] ("Sale Motion"). On May 24, 2019, Trustee filed its Amended Motion to Approve Sale of Estate's Interest in Property ("Amended Sale Motion").[7] Debtor's former counsel then filed a Motion to Withdraw.[8] The Court entered an Order Granting Debtor's former counsel's Motion to Withdraw as Attorney.[9] Debtor filed her *pro se* Objection to Trustee's Amended Sale Motion[10] ("Objection to Sale").

After the Trustee filed a Response to Debtor's Objection to Sale,[11] the Debtor amended her Schedule C[12] to claim as exempt her interest in the Compensation Account under A.R.S. § 33-1126(B). Trustee filed an Objection to Debtor's Amended Claimed Exemptions ("Objection to Exemption").[13] At the hearing on Trustee's Amended Sale Motion the Court was advised by Debtor that she did not agree to nor sign her former counsel's Motion to Withdraw.[14] The Court heard arguments from Trustee and Debtor *pro se* and then set a continued hearing to determine the exemption question prior to ruling on Trustee's Amended Sale Motion. The Court also set aside its earlier Order allowing Debtor's counsel to withdraw.[15] The Court further ordered Debtor's former counsel to file a response to Trustee's Objection to Exemption.

---

[5] DE 1.
[6] DE 19.
[7] DE 22.
[8] DE 25.
[9] DE 29.
[10] DE 28.
[11] DE 31.
[12] DE 34.
[13] DE 35.
[14] DE 45.
[15] DE 37.

Through her counsel Debtor filed her Response to Trustee's Objection to Exemption.[16] Trustee filed his reply.[17] This Court heard oral arguments on Trustee's Objection to Exemption and Debtor's Response to Trustee's Objection to Exemption.[18]

On September 23, 2019, the Court issued its Under Advisement Ruling on Trustee's Objection to Exemption and Amended Sale Motion ("Under Advisement Ruling")[19] overruling Trustee's Objection to Exemption and denying Trustee's Amended Sale Motion. The focus of the Under Advisement Ruling was on the question of whether Debtor's interest in the Compensation Account was exempt under applicable Arizona law. This Court agreed with Debtor's position that her interest in the Compensation Account is exempt under A.R.S. § 33-1126(A) and (B).

Trustee filed his Motion for Reconsideration.[20] No response was filed by the Debtor. On November 5, 2019, this Court held a hearing on Trustee's Motion for Reconsideration where the Court was advised that Debtor's counsel had ceased practicing law.[21] The Court entered an Order Granting Motion to Substitute Attorney which approved Debtor's representation in this matter by Zolman Law.[22] Debtor's new counsel then filed Debtor's Response.[23]

After a series of hearings in which Trustee and Debtor's new counsel narrowed the issues raised in Trustee's Motion for Reconsideration, the Debtor then filed a Supplemental Response.[24] Trustee filed his Reply.[25] On January 9, 2020, the Court held a hearing and took this matter under advisement.[26]

---

[16] DE 44.
[17] DE 51.
[18] DE 52.
[19] DE 56.
[20] DE 58.
[21] DE 62.
[22] DE 67.
[23] DE 69.
[24] DE 83.
[25] DE 84.
[26] DE 85.

## II. JURISDICTION

Pursuant to 28 U.S.C. § 157(b)(2)(B), this Court has jurisdiction over the allowance or disallowance of claimed exemptions on property of the estate. Pursuant to 28 U.S.C. § 157(b)(2)(N) this Court has jurisdiction over sales of property of a bankruptcy estate.

## III. ISSUES

Whether grounds exist for the Court to grant Trustee's Motion for Reconsideration under Federal Rule of Bankruptcy Procedure 9024.[27]

## IV. ANALYSIS

### A. The Under Advisement Ruling

This Court's Under Advisement Ruling focused on section III of the MSA, [28] which reads, in relevant part:

> III. CASH PAYOUT
>
> 9. Cash Payout:
>
> a. The parties have agreed [Debtor] shall receive a cash payout of One Hundred Fifteen Thousand Dollars ($115,000). This payout will be made according to the terms set forth in this agreement.
>
> b. The parties have a [Compensation Account] with a current balance of $61,618.58. The [Debtor] shall be made beneficiary of this account within ten (10) days of the signing of this agreement. [Debtor] shall receive 100% of this account upon [Ex-Husband's][29] retirement, up to $115,000. Should the account balance be below $115,000 upon [Ex-Husband's] retirement, [Ex-Husband] shall provide [Debtor] with an additional cash payout to equal the total payout due of $115,000. The total cash payout of $115,000 shall be paid in full within thirty (30) days from [Ex-Husband's] retirement. Any additional funds above $115,000 shall be returned to [Ex-Husband].

---

[27] Pursuant to Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b)(6) applies in bankruptcy cases.
[28] The MSA was filed in New Mexico State Court on October 6, 2017.
[29] Debtor's ex-husband is Raymond Perea, hereafter referred to as "Ex-Husband."

> c. [Ex-Husband] will be eligible to retire March 2019. The parties agree and are aware that [Ex-Husband] may choose to work past his eligible retirement date. [Ex-Husband] shall retire no later than March 2024. The payout is due in full no later than April 2024.
>
> …
>
> VII. TAXES AND OTHER AGREEMENT
>
> …
>
> 18. Final Agreement: This is the final and entire agreement of the parties regarding the marital settlement agreement. Neither party is relying on other promises or statements that are not specifically included in this document.[30]

This Court determined that, under Arizona's exemption statutes, Debtor's interest in the Compensation Account was exempt because A.R.S. § 33-1126(B) protected a beneficiary's interest in the type of deferred compensation account referenced in the MSA.[31] The Court reasoned that the MSA required Debtor to be named a beneficiary to the Compensation Account and because Debtor's beneficiary's interest in the Compensation Account was exempt, the estate held no interest in the Compensation Account and, therefore, the Trustee had no right to sell such interest. Ultimately, this Court relied on the plain language of the MSA and A.R.S. § 33-1126 to determine that Debtor's interest as a beneficiary to the Compensation Account is exempt. Based on the exempt status of Debtor's interest as a beneficiary, this Court denied Trustee's Amended Sale Motion.

### B. The Motion for Reconsideration

Trustee's Motion for Reconsideration shifted the discussion from whether Debtor's interest in the Compensation Account was exempt to whether the estate had an interest in the MSA which the Trustee could sell. The Trustee acknowledged that Debtor's beneficial interests in the Compensation Account may be exempt but focused on whether Debtor had any exempt interest in the MSA itself. Trustee argued that Debtor's beneficial interests in the Compensation Account were merely "protection in the event of her ex-spouse's demise" and this beneficial

---

[30] DE 35, Ex. B.

[31] A.R.S. § 33-1126(B) reads, in relevant part: "[a]ny money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in…a deferred compensation plan under section 457 of the United State internal revenue code of 1986…is exempt…"

interest does not continue if Debtor's Ex-Husband either retires or the March 2024 deadline is reached.[32] The Trustee contends that, as a beneficiary, Debtor is unable to demand payment from the Compensation Account. The Trustee argues that the determination by the Court that Debtor's interest as a beneficiary was exempt did not resolve the issue of whether Trustee could sell Debtor's interest in the MSA.

The Motion for Reconsideration argued that the source of the cash payout provided for in the MSA is not the relevant issue. The Trustee contends that whether Debtor's beneficial interests in the Compensation Account are exempt is irrelevant for the purposes of Trustee's Amended Sale Motion. Instead, the Trustee argues that the Court should focus on the Debtor's right to receive $115,000 under the terms of the MSA. The Trustee points out that this right to payment under the MSA has not been claimed exempt nor could Debtor properly claim it exempt.

### C. The Law

Under Bankruptcy Rule 9024, Federal Rule of Civil Procedure 60 applies in this contested matter. Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (6) any other reason that justifies relief.

Rule 60(b)(6) "is a grand reservoir of equitable power that allows courts to grant relief from final judgment for 'any' reason that 'justifies relief.'"[33] However, Rule 60(b)(6) is to be used sparingly and requires a showing of extraordinary circumstances.[34] The Rule 60(b)(6) "catch-all" provision only applies when the reason for granting relief is not covered by any other subsection set forth in Rule 60(b).[35]

Upon the filing of a bankruptcy petition, an estate is created that consists of all the legal and equitable interests in property possessed by the debtor at the time of filing "wherever located

---

[32] DE 58, a page 2 of 4.
[33] *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434, 439 (9th Cir. 2019).
[34] *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).
[35] *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007)(citing *Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n. 8 (9th Cir. 2002)).

and by whomever held." 11 U.S.C. § 541(a)(1); *In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000). The property that a debtor may exempt is determined under § 522 unless the applicable state opted out of the federal exemption scheme. 11 U.S.C. § 522(b)(1). Arizona has opted out of the federal exemption scheme provided in § 522(d) so only Arizona exemptions apply in this case. A.R.S. § 33-1133(B).[36] Bankruptcy exemptions are fixed and determined at the time of the bankruptcy petition under the "snapshot" rule.[37]

A.R.S. § 33-1126(B) states:

> Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan…or a deferred compensation plan under § 457 of the United States internal revenue code of 1986, as amended, whether the beneficiary's interest arises by inheritance, designation, appointment or otherwise, is exempt from all claims of creditors of the beneficiary or participant.

Under 26 U.S.C. § 457,[38] a beneficiary is defined as "a person who is entitled to benefits in respect of a participant following the participant's death or an alternate payee as described in § 1.457-10(c)."[39] An alternate payee described in § 1.457-10(c) is only applicable in cases involving a qualified domestic relations order.[40]

### D. Application of the Law to the Facts of this Case

This Court finds that there were extraordinary circumstances that warrant relief under Rule 60(b)(6) for several reasons. First, Debtor has been represented by two attorneys and made multiple appearances *pro se* in this bankruptcy. This resulted in inconsistent and at times unfocused arguments from Debtor. As a result of the inconsistent arguments, Trustee was forced to respond to conflicting and at times confusing arguments. This confusion ultimately steered the

---

[36] The parties assume that Arizona's exemption laws apply in this case even though the Compensation Plan arises out of the Ex-Husband's New Mexico employment and Debtor's MSA rights are specified in her New Mexico divorce case. This Court agrees with this assumption of controlling exemption law. See *In re Arrol*, 170 F.3d 934, 936 (9th Cir. 1999) (stating that the debtor is entitled to claim exemptions provided by the law of the state where their bankruptcy petition was filed, citing §§ 522(b)(1) and (b)(2)(A)).
[37] *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012) (citing *White v. Stump*, 266 U.S. 310, 313 (1924)).
[38] The parties do not dispute that the Compensation Account is a deferred compensation plan under § 457 of the United States Internal Revenue Code. See DE 53 at 6:30 – 6:58.
[39] Treas. Reg., 26 C.F.R. § 1.457-2(c).
[40] Treas. Reg., 26 C.F.R. § 1-457-10(c). Although Debtor has at times argued that a qualified domestic relations order is being pursued, the record before the Court contains no evidence of the existence of a qualified domestic relations order.

Court's focus to Debtor's beneficial interests in the Compensation Account. Ultimately, the Court came to understand that the Trustee did not oppose Debtor's claimed exemption in the Compensation Account but, rather, sought to sell the estate's interest in the MSA, a non-exempt asset.

Second, in response to Trustee's Amended Sale Motion, Debtor's Objection to Sale was filed *pro se* and made several confusing arguments. Debtor made the argument that her beneficial interests in the Compensation Account were what the Trustee was seeking to sell. Debtor raised the issue of a qualified domestic relations order, the timing of her ability to receive the $115,000 cash payment and the conditions that must be met prior to receiving the cash payment. Several of these arguments were either contradicted or dismissed at the June 27, 2019 hearing and in Debtor's subsequent filings. Confusion and inconsistent arguments persisted through Debtor's most recent Supplemental Response filed by Debtor's current counsel.

Third, Debtor's amended schedule C shifted the focus from the Amended Sale Motion to Trustee's Objection to Exemption. Further aggravating this confusion, the Debtor temporarily lost her counsel and then *pro se* filed an amended schedule C and Objection to Sale.

This Court now reconfirms its finding that Debtor's interest in the Compensation Account is exempt. However, it is now clear that the Trustee is attempting to sell Debtor's interest in the MSA, but not the Compensation Account. The Debtor's interest in the MSA is not exempt and has never been claimed by the Debtor as exempt.

For these reasons, the Court now reconsiders its denial of the Trustee's Amended Sale Motion to the extent that it sought to sell the estate's interest in the MSA.

Having determined that relief under Rule 60(b)(6) is warranted, the Court now addresses Trustee's Amended Sale Motion.

E. <u>Findings</u>

This Court finds that Debtor's interests in and rights under the MSA are property of this bankruptcy estate. The Debtor's interests in the MSA are separate and distinct from Debtor's exempt interest in the Compensation Account. However, the estate's interest in the MSA is

limited by Debtor's exempt interest in the Compensation Account and vice versa. If, for instance, the Ex-Husband was to retire or pass away prior to his retirement at a time when the Compensation Account held less than $115,000, Debtor would be entitled to receive whatever funds existed in the Compensation Account but the holder of this estate's MSA rights would be entitled to receive from Ex-Husband or his decedent's estate the difference between $115,000 and the funds in the Compensation Account. For example, if the Ex-Husband either retires or passes before his retirement and at a time when $90,000 was in the Compensation Account, the Debtor would be entitled to that $90,000 (as her exempt property) but the holder of this bankruptcy estate's interests in the MSA would be entitled to $25,000 from the Ex-Husband or his decedent's estate. On the other hand, if the Ex-Husband fully satisfies his $115,000 payment obligation under the MSA before he retires or dies, Debtor would no longer have an interest in the Compensation Account, i.e., the entire "cash payout" contemplated by the MSA would have been satisfied and no further sum would be due to Debtor or the holder of this bankruptcy estate's rights under the MSA. Finally, if the MSA remains wholly unpaid by the time of the Ex-Husband's death or retirement or by the end of April 2024, the Compensation Account must be paid to Debtor in an amount up to $115,000. The Compensation Account payment to her would be exempt. Importantly, other than the funds Debtor might be entitled to receive from the Compensation Account, the bankruptcy estate's rights under the MSA are subject to a § 363 sale by the Trustee.

Under 11 U.S.C. § 363(b)(1) "[t]he [T]rustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…" Trustee's Amended Sale Motion argued that Trustee adequately demonstrated sound business justification for a sale of Debtor's interest in the MSA. However, this Court is concerned that the Trustee's Amended Sale Motion incorrectly describes the asset being sold as "a cash payout of $115,000" and that the proposed buyer, John Marshall/JM Partners LLC ("Buyer"), based his/its $10,000 bid on this incorrect description. As discussed above, it is far from certain that the cash payout to the holder of this bankruptcy estate's interest in the MSA will total $115,000. Although this Court will not dictate the minimum amount a potential buyer must pay for the bankruptcy estate's interest in the MSA, all potential buyers are entitled to an accurate description of the property being sold. For

9

this reason, the Court will not approve the Trustee's Amended Sale Motion proposing to sell to Buyer the estate's interests in the MSA for $10,000.

## V. CONCLUSION

The Court finds that this bankruptcy estate has an interest in the MSA which the Trustee may sell. The Court does not alter the Under Advisement Ruling with respect to the Trustee's Objection to Exemption but does vacate that portion of the Ruling that denied the Trustee the authority to sell the estate's interest in the MSA. Nonetheless, the Court will not grant Trustee's Amended Sale Motion because the description of the asset to be sold is inadequate.

IT IS HEREBY ORDERED granting Trustee's Motion for Reconsideration to the extent the Under Advisement Ruling denied Trustee's request for the authority to sell this bankruptcy estate's interest in the MSA.

Notice to be sent to the following:

Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

Robert A. Mackenzie, Trustee
2001 E. Campbell Ave., Suite 200
Phoenix, AZ 85016

Kara Frances Jennings
215 W. Campbell Ave.
Phoenix, AZ 85013

Mr. Raymond Perea
1820 Western Hills Road
Rio Rancho, NM 87124